# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VIJAYENDRA R. JALIGAM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-10843** |
| **RADHIKA POCHAMPALLY** | **SECTION: "G"(1)** |

## ORDER

Pending before the Court is Plaintiff Vijayendra Jaligam's ("Plaintiff") motion to remand, filed on November 16, 2017, in which Plaintiff asserts that the removal of this case by Defendant Radhika Pochampally ("Defendant"), on October 18, 2017, was untimely, and this Court lacks subject matter jurisdiction over the state court action removed; Plaintiff also requests attorneys' fees and costs.[1] Having considered the motion, the memoranda in support and opposition, and the applicable law, the Court will remand the case to the Civil District Court for the Parish of Orleans, and, however, deny Plaintiff's request for attorneys' fees and costs.

## I. Background

In 2008, Plaintiff filed a petition for divorce against Defendant in the Civil District Court for the Parish of Orleans.[2] Since that time, Plaintiff and Defendant have been parties to ongoing litigation in state court concerning the custody of their children and their corresponding parental rights and obligations.[3] On October 18, 2017, Defendant filed a notice of removal of this action

---

[1] Rec. Doc. 11.

[2] Rec. Doc. 11-3.

[3] *See, e.g.,* Rec. Doc. 7-2; *see also, e.g.,* Rec. Doc. 7-4; *see also, e.g.,* Rec. Doc. 7-4; *see also, e.g.,* Rec. Doc. 7-8.

from the Civil District Court for the Parish of Orleans, which was marked deficient by the Clerk of Court.[4] On October 31, 2017, Defendant filed an amended notice of removal.[5] On November 16, 2017, Plaintiff filed the instant motion to remand.[6] On November 29, 2017, Defendant filed an opposition.[7] On January 8, 2018, with leave of Court, Defendant filed a supplemental memorandum in opposition.[8]

## II. Parties' Arguments

### A. *Plaintiff's Motion to Remand*

In the motion to remand, Plaintiff argues that Defendant's removal of this action was untimely.[9] Specifically, Plaintiff argues that 28 U.S.C. § 1446 requires removal of actions within thirty days of the receipt of a pleading.[10] Plaintiff avers that this litigation has been pending in the Civil District Court for the Parish of Orleans "for some nine years prior to the removal."[11] Therefore, Plaintiff asserts, Defendant's removal was untimely.[12] Moreover, Plaintiff contends, Defendant's pro se status does not excuse her from compliance with the "strict terms of the removal statute."[13]

---

[4] Rec. Doc. 1.

[5] Rec. Doc. 7.

[6] Rec. Doc. 11.

[7] Rec. Doc. 13.

[8] Rec. Doc.17.

[9] Rec. Doc. 11-1 at 3–5.

[10] *Id.* at 4–5

[11] *Id.* at 1.

[12] *Id.* at 5.

[13] *Id.* at 4.

In addition, Plaintiff argues, there is no basis for the exercise of federal jurisdiction in this matter, as there is no federal question posed by the underlying domestic proceeding, and complete diversity does not exist between the parties because both Plaintiff and Defendant were citizens of Louisiana at the time the action was commenced in state court.[14]

Finally, Plaintiff contends that Defendant's removal "runs afoul of the well-established domestic relations exception to federal jurisdiction and the *Rooker-Feldman* doctrine governing federal abstention from state court matters."[15] Plaintiff argues that in removing the state court action, Defendant "seeks to have this Court review and overturn legitimate and final judgments of the court of the State of Louisiana."[16] Moreover, Plaintiff argues that Defendant is not entitled to have the federal courts review the state court judgments, and therefore, the case should be remanded to state court.[17]

In addition, Plaintiff requests attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), arguing that Defendant "did not have objectively reasonable grounds to believe that the removal of the case was proper, nine years after its commencement."[18]

### B. Defendant's Opposition to Plaintiff's Motion to Remand

In opposition, Defendant argues that this Court has "subject matter jurisdiction and federal question jurisdiction over this matter" because the state court violated the Americans with Disabilities Act, as well as the Fourth and Fourteenth Amendments of the Constitution by

---

[14] *Id.* at 1, 5–10.

[15] *Id.* at 10–12.

[16] *Id.* at 11.

[17] *Id.* at 12.

[18] *Id.* (citing *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000))

"continued termination of the parental rights" of Defendant.[19] Thus, Defendant argues, this case ultimately involves a federal question, specifically, "whether the state court must comply with the ADA, 504, anti-discrimination laws, and equal protection and due process."[20] Defendant does not address Plaintiff's argument that removal was untimely in her opposition.

In response to Plaintiff's argument that pursuant to the *Rooker-Feldman* doctrine, federal courts abstain from reviewing claims intertwined with family law matters in state court, Defendant argues that this is not a case of divorce or alimony.[21] Rather, Defendant argues, "Unlike the situation with divorce or alimony cases, the U.S. Supreme Court frequently has heard cases involving child support payments or child custody cases."[22] Defendant contends that in this case, she is not asserting a right of review on final judgments of a state court judicial proceeding, and the federal constitutional claims are not so "inextricably intertwined" with a state court decision that the district court is essentially being called upon to review the state court decision.[23] Moreover, Defendant asserts that the federal questions she seeks to address "cannot be resolved by the state court."[24]

Additionally, Defendant argues that the fraud exception to the *Rooker-Feldman* doctrine applies because Plaintiff's memorandum in support of remand (1) "misrepresents Defendant's

---

[19] Rec. Doc. 13 at 5.

[20] *Id*. at 7.

[21] *Id*. at 5–6.

[22] *Id*. at 6 (citing *Caban v. Mohammed*, 441 U.S. 380 (1979); *Little v. Streater*, 452 U.S. 1 (1981), *Santosky v. Kramer*, 455 U.S. 745 (1982); *Tenet Health Surgical, LLC v. Jefferson Parish Hosp. Serv. Dist. No. 1*, 2004 WL 5568592 at *9, n.1 (E.D. La. 2004)).

[23] *Id*. at 7–8 (citing *Stanton v. Dist. Of Columbia Court of Appeals*, 127 F.3d 72, 75 (D.C.Cir. 1997)).

[24] *Id*. at 8.

4

efforts to complete the mandate ordered by court"; and (2) "misrepresents Plaintiff's knowledge of Defendant residing in India at the time of [Plaintiff's] initial pleading in May 2008."[25] Thus, Defendant argues, this Court has federal question jurisdiction over the case.

In addition, Defendant asserts that this Court has diversity jurisdiction over this case. Defendant avers that she was a resident and citizen of India when the original divorce case was filed in 2008.[26] Defendant avers that she lived in Louisiana from 2008 to August 2012, and in August 2012, moved to Mississippi where she continued to reside at the time "Plaintiff re-opened the case on an ex parte motion in December 2015."[27] Defendant avers that Plaintiff "has continued to reside and presently resides in Louisiana."[28] Citing Exhibit O,[29] Defendant avers that "according to the pleadings in this case, there is more than $125,000 in controversy."[30] Thus, Defendant argues, "the amount in controversy requirement is easily satisfied here . . . ."[31] Accordingly, Defendant contends, removal was proper, as this court has subject matter jurisdiction pursuant to federal question jurisdiction and diversity jurisdiction.[32]

---

[25] *Id.*

[26] *Id.* at 8.

[27] *Id.* at 9–10.

[28] *Id.* at 10.

[29] Exhibit O is Defendant's motions, filed in state court on February 2, 2014, to (1) modify child support, (2) compel release of & cooperation with execution of passport documents, and for agreement to travel, (3) compel refinancing of former marital home to remove Defendant's name from mortgage, (4) to clarify and modify custody exchange periods, (5) to compel Plaintiff to transfer funds to children's trust funds, and (6) to adjudicate plaintiff in contempt of court and to punish him accordingly.

[30] *Id.*

[31] *Id.*

[32] *Id.* at 10–11.

In response to Plaintiff's request for attorneys' fees and costs, Defendant argues that the award of attorneys' fees is only appropriate if the removing party lacked an objectively reasonable basis for seeking removal.[33] Here, Defendant argues, she has alleged "more than sufficient facts" to support removal.[34] Thus, Defendant argues, even if the Court remands this case, an award of attorneys' fees is unsupportable.[35]

### C. Defendant's Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand

In the supplemental memorandum, Defendant provides supplemental authority on the "domestic relations exception" and the artful pleading rule.[36] Defendant makes no argument regarding the domestic relations exception; she states only that the exception does not apply in this case and provides a list of authority that presumably supports her position.[37]

Regarding the artful pleading rule, Defendant argues, "If the federal court determines that the plaintiff has 'artfully pleaded' claims in this manner, it may allow removal even though no federal question appears on the face of the complaint."[38] Defendant further argues, "The artful-pleading doctrine generally allows removal in cases where federal law completely preempts state-

---

[33] *Id.* at 9–10.

[34] *Id.* at 10.

[35] *Id.*

[36] Rec. Doc. 17 at 2–3.

[37] *Id.*

[38] *Id.* at 3.

law claims pleaded by the plaintiff."[39] Moreover, Defendant asserts, a plaintiff may not defeat removal by omitting to plead necessary federal questions.[40]

### III. Law and Analysis

In the motion to remand, Plaintiff argues that Defendant's removal was untimely. Defendant does not address the timeliness of removal in the opposition to Plaintiff's motion to remand, or in the supplemental memorandum in support.

28 U.S.C. § 1446(b)(1) states:

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(3) states:

Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Finally, 28 U.S.C. § 1446(c)(1) states:

A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

In the amended notice of removal, Defendant states, "On October 2nd, 2017, Plaintiff filed an Original Petition in the Civil District Parish of Orleans in an action styled . . . CDC No. 2008-

---

[39] *Id.*

[40] *Id.* (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998)).

724 C/W 2008-5342. (Exhibit "A")."[41]   However, Exhibit A is a motion filed by Plaintiff on October 2, 2017, in case no. 2008-00724 c/w 2008-05342, in the Civil District Court for the Parish of Orleans.[42]

Nevertheless, Defendant attaches the Judgment of Divorce in case no. 08-00724 c/w 08-05342, which is dated August 1, 2008.[43]  Therefore, the original pleadings in the combined state court case must have been filed prior to August 1, 2008. Accordingly, Defendant filed the notice of removal well past the 30-day deadline articulated in 28 U.S.C. § 1446(b)(1).

Pursuant to 28 U.S.C. § 1446 subsections (b)(3) and (c)(1), however, a defendant may file a notice of removal within thirty days after receipt of a copy of a motion from which it may first be ascertained that the case is one which has become removable, if it is not more than one year after commencement of the action, or if the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

In this case, even if it first became ascertainable that the case was removal upon Defendant's receipt of Plaintiff's motion attached as Exhibit A, it has been more than one year since the commencement of the action, which predates August 1, 2008. Defendant does not argue that Plaintiff acted in bad faith in order to prevent her from removing the action. Furthermore, the Court finds no evidence in the record that Plaintiff acted in bad faith for this purpose. Accordingly, removal was not timely pursuant to 28 U.S.C. § 1446 subsections (b)(3) and (c)(1).

---

[41] Rec. Doc. 7 at 2.

[42] Defendant did not attach all state court pleadings to the notice of removal, as required by 28 U.S.C. § 1446(a) and Local Civil Rule 3.2(b).

[43] Rec. Doc. 7-7.

8

Thus, Defendant's removal was time-barred at the time the notice of removal was filed. Having found that Defendant's removal was untimely, the Court need not address whether it has federal question or diversity jurisdiction over this matter.

Regarding Plaintiff's request for attorneys' fees and costs, 28 U.S.C. § 1446(c) states, in relevant part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In *Martin v. Franklin Corp.*, the Supreme Court held, "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[44] The Court evaluates the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper.[45]

The Court has decided to remand this case because removal was untimely, pursuant to 28 U.S.C. § 1446(b). Here, there was no basis for seeking removal pursuant to subsections (b)(3) and (c)(1). That provision allows removal after one year of the commencement of an action if the court finds that a plaintiff acted in bad faith in order to prevent a defendant from removing the action. Defendant made no allegation that Plaintiff acted in bad faith, and the Court finds no evidence to support such a claim. Nevertheless, considering Plaintiff is proceeding pro se, the Court will not award attorneys' fees to Plaintiff.

However, the Court notes that Defendant has now initiated proceedings before this Court on three separate occasions involving the same set of operative facts. First, on October 5, 2017, in Civil Case No. 17-10203, Defendant filed a notice of removal of the same underlying state court

---

[44] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, (2005).

[45] *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004) (citing *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir.2000)).

9

case, CDC No. 2008-724 C/W 2008-5342, in this Court, which was marked deficient by the Clerk of Court.[46] Instead of filing an amended notice of removal, Defendant filed a "Motion to Withdraw Defendant/Petitioners Notice of Removal of Action and all related Filings," which the Court granted on October 18, 2017 and dismissed the case.[47] The same day, on October 18, 2017, Defendant initiated the second proceeding by filing the notice of removal at issue in this motion.[48] Two months later, on December 18, 2017, Defendant initiated the third proceeding by filing a separate complaint in this Court against various state actors in Louisiana and Mississippi for claims involving alleged violations of federal law and Defendant's constitutional rights that occurred in state court proceedings arising out of the same set of operative facts as all of the other proceedings she has initiated in this Court.[49]

Considering that the Court dismissed the first case filed by Defendant and hereby remands the second, and a third case filed by Defendant is currently pending before this Court, the Court finds Radhika Pochampally's repeated filings are becoming harassing and impermissibly draining on the Court's resources. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Vijayendra Jaligam's "Motion to Remand"[50] is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned case is **REMANDED** to the Civil District Court for the Parish of Orleans.

---

[46] Rec. Doc. 1, *Jaligam v. Pochampally*, 17-cv-10203 (E.D. La. Oct. 5, 2017).

[47] Rec. Doc. 6, *Jaligam v. Pochampally*, 17-cv-10203 (E.D. La. Oct. 5, 2017).

[48] Rec. Doc. 1.

[49] Rec. Doc. 1, *Jaligam v. Pochampally*, 17-cv-17121 (E.D. La. Oct. 5, 2017).

[50] Rec. Doc. 11.

**IT IS FURTHER ORDERED** that Plaintiff Vijayendra Jaligam's request for attorneys' fees and costs[51] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Radhika Pochampally is not to file any other pleadings related to the operative facts at issue here without prior consultation with the Court. Defendant should request a status conference in advance of any filing.

**NEW ORLEANS, LOUISIANA**, this __12th__ day of January, 2018.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[51] *Id.*